FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAY 26  AM 8: 19

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 106-029 |
| | ) | |
| VIRGINIA PEREZ | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

In the above-captioned criminal case, the government has accused Defendant Virginia

Perez of Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine.

The matter is now before the Court on the "Motion to Dismiss and Alternative Motion for

a Bill of Particulars." (Doc. nos. 22-1, 22-2). For the reasons developed below, the Court

**REPORTS** and **RECOMMENDS** that the motions be **DENIED**.

### I. BACKGROUND

The one-count indictment in this case alleges that beginning on or about April 1,

2003 and continuing through the return date of the indictment, in McDuffie and Richmond

Counties, Defendant Perez and her co-Defendant, Carlos Granados, "did knowingly and

intentionally combine, conspire, confederate, and agree together with each other and with

others known and unknown to the grand jury . . . to distribute and to possess with intent to

distribute over 50 grams of methamphetamine (actual) . . . in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B); all done in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2."[1]

---

[1] 21 U.S.C. § 841(a)(1) provides: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally - - (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. . . ."

(Doc. no. 1, pp. 1-2). The indictment then alleges four overt acts done in furtherance of the conspiracy, all in violation of 21 U.S.C. § 846:[2] (1) the sale of over 50 grams of methamphetamine (actual) to D.M. on September 30, 2004; (2) the distribution of over 50 grams of a mixture of methamphetamine to D.M. between April 2003 and February 2004; (3) the distribution in the year 2003 of over 50 grams of a mixture of methamphetamine to K.G.; and (4) the distribution of over 50 grams of a mixture of methamphetamine between the years 2003 and 2005 to J.T. (Id. at 2).

## II.    DISCUSSION

According to Defendant, the conspiracy charge against her should be dismissed because she "has not been informed of the specifics of the charges against her." (Doc. no. 22, p. 3). In particular, Defendant complains that she has not been informed of a sufficiently specific amount of methamphetamine that was allegedly distributed in the charged conspiracy (id.), and she complains that the indictment is so lacking in specifics about the alleged conspiracy that it affords her no double jeopardy protection from future prosecution (id. at 4). Defendant alternatively moves for a bill of particulars if her motion to dismiss is not granted.

### A.    Motion to Dismiss

Fed. R. Crim. P. 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." In the Eleventh Circuit, an indictment is sufficient if it: "(1) presents the essential elements of the charged

---

[2] 21 U.S.C. § 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

2

offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (citation omitted); see also United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985) (finding that an indictment satisfies constitutional requirements by informing a defendant of the charges and enabling the defendant to plead double jeopardy in case of future prosecution for the same offenses).  Requiring an indictment to include the essential elements of the charged offense serves the dual purpose of satisfying the requirements of the Sixth Amendment that the accused be put on notice of "the nature and cause of the accusation," and of satisfying the requirements of the Fifth Amendment that an indictment is returned only when a grand jury "finds probable cause to support all the necessary elements of the crime." United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998).

"[T]he elements of the offense of conspiracy under 21 U.S.C. § 846 are:  (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998).  As to charges of a drug conspiracy, it has long been settled that although "there must be proof of an agreement or common purpose to violate the law, no overt act in furtherance of the conspiracy need be alleged or proved under this section (21 U.S.C. § 846)." United States v. Harbin, 601 F.2d 773, 782 (5th Cir. 1979); United States v. Coia, 719 F.2d 1120, 1121 & n.4 (11th Cir. 1983) (re-iterating that indictments charging

3

conspiracies under the Drug Control Act "do *not* require allegation or proof of an overt act"). Stated otherwise, proof of an overt act in a drug conspiracy case is not required, as "the government must prove only the existence of a conspiracy, that the defendant knew of it, and that, with knowledge, the defendant voluntarily became a part of the conspiracy." United States v. Terzado-Madruga, 897 F.2d 1099, 1121 (11th Cir. 1990) (citation omitted); United States v. Badolato, 701 F.2d 915, 920 (11th Cir. 1983) (same). Agreement is the essence of the crime of conspiracy, "not the commission of the crime which is the object of the conspiracy. . . . There must of course be an overt act done in pursuance of the conspiracy, but such act need not constitute the very crime which is the object of the conspiracy." United States v. Winter, 509 F.2d 975, 982 (5th Cir. 1975); see also United States v. Mercer, 165 F.3d 1331, 1335 (11th Cir. 1991) (*per curiam*) ("The essence of the conspiracy, then, is an agreement, not the commission of the substantive offense.").

Finally, the validity of an indictment must be determined by "reading it as a whole, giving practical effect to its language." United States v. Silverman, 745 F.2d 1386, 1392 (11th Cir. 1984) (citation omitted). As courts have noted, "[f]acial sufficiency is not a high hurdle." United States v. Bates, 96 F.3d 964, 970 (7th Cir. 1996); see also United States v. deVegter, 198 F.3d 1324, 1327 (11th Cir. 1999) ("[T]his court must reverse a dismissal if it concludes that the factual allegations in the indictment, when viewed in the light most favorable to the government, were sufficient to charge the offense as a matter of law." (internal quotation marks and citation omitted)); Silverman, 745 F.2d at 1392 ("The accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proved, would establish prima facie the accused's commission of that

4

offense."). An indictment will generally be held to be sufficient if it "sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." Bates, 96 F.3d at 970; see also United States v. Bascaro, 742 F.2d 1335, 1348 (11th Cir. 1984) ("Those requirements [for an indictment to pass constitutional muster] are satisfied by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.").[3]

Here, as set forth above, the indictment tracks the of language of the statute under which Defendant has been charged, 21 U.S.C. § 846. Defendant has been made aware that she is charged with conspiring with Carlos Granados to distribute methamphetamine beginning on or about April 1, 2003 and continuing until the return of the indictment.[4]

---

[3]Notably, however, an indictment need not "allege in detail the factual proof that will be relied on to support the charges." United States v. Smith, 230 F.3d 300, 306 (7th Cir. 2000); see also Bates, 96 F.3d at 970 ("Indictments need not exhaustively describe the facts surrounding a crime's commission nor provide lengthy explanations of the elements of the offense."). Thus, the government is neither required to "set forth evidence or details of how a crime was committed," nor required to "prove its case" in an indictment. United States v. Triumph Capital Group, Inc., 260 F. Supp.2d 444, 448 (D. Conn. 2002) (citing United States v. Carrier, 672 F.2d 300, 303-04 (2d Cir. 1982) and Costello v. United States, 350 U.S. 359, 363 (1956)).

[4]Defendant's argument that exact dates are improperly omitted from the indictment must fail. Where, as here, time is not an essential element of the charged conspiracy, "the government may discharge its obligations [to adequately inform the defendant of the specific offense charged] by referring to a certain duration of time." Steele, 178 F.3d at 1234 (citation omitted).

Likewise, the complaint that Defendant has not been apprised of a sufficiently specific amount of methamphetamine allegedly distributed as part of the conspiracy does not form a valid basis for dismissal because the government need not prove an overt act involving a specific amount of drugs to make its case for conspiracy. As noted above, agreement is the essence of a conspiracy, not a particular overt act involving a specific amount of drugs. Cf. id., 178 F.3d at 1233 (rejecting argument for dismissal of indictment

Moreover, although the government was not required to do so, it has provided additional information by alleging overt acts that occurred during the relevant time frame.[5] Defendant's doubly jeopardy concerns can also be put to rest because "the court may refer to the entire record of the prior proceeding and [will] not be bound by the indictment alone." Steele, 178 F.3d at 1235 (citing United States v. Jaswal, 47 F.3d 539, 542-43 (2d Cir. 1995)). Thus, Defendant's claimed lack of specifics in the current indictment will not prejudice her in any potential future invocation of the protection of the double jeopardy provision of the Fifth Amendment, as she will have the entire record of the current proceedings upon which to rely.

For the reasons set forth above, the Court concludes that the indictment is sufficiently specific to pass constitutional muster, and a recommendation for dismissal as a matter of law at this pre-trial stage is simply not warranted.

### B.   Alternative Motion for Bill of Particulars

The fact that the indictment is sufficient does not put to rest Defendant's alternative request for a bill of particulars. "If the indictment or information is insufficient, it must be dismissed, and cannot be saved by a bill of particulars. The fact that it is sufficient is not an argument against granting the bill." 1 Charles A. Wright, Federal Practice and Procedure: Criminal § 129, pp. 649-50 (3d ed. 1999) (footnotes omitted).

---

for knowingly dispensing controlled substances over a four month period where indictment failed to specify precise dates, locations, drug amounts, and purchasers with respect to specific counts where such details are not essential elements of crimes charged).

[5]Defendant has also had the benefit of "open file" discovery to discern the object of the charged conspiracy and to prepare her defense accordingly.

Defendant filed this alternative motion seeking from the government information concerning the exact time, date, and place Defendant is alleged to have been in actual or constructive possession of illegal drugs or the alleged fruits of the conspiracy (*i.e.*, money, jewelry, valuables, vehicles, vessels, etc.); each date, time, and place Defendant is alleged to have been paid or compensated by any co-conspirator for any activity alleged to have been pursued by Defendant in furtherance of the conspiracy; the specific quantity of drugs distributed in the alleged conspiracy; the specific drugs distributed in the alleged conspiracy; the specific purity of the drugs distributed in the alleged conspiracy; to whom the drugs were allegedly distributed; when specifically the drugs were distributed; and how Defendant is alleged to have actively and knowingly participated in the movement of drugs.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting Cole, 755 F.2d at 760). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate,

7

683 F.2d 894, 898 (5th Cir. 1982).  It cannot be employed to discover the identity of unindicted co-conspirators.  Colson, 662 F.2d at 1391.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case.  United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987).  The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to Defendant at trial resulting in prejudice to his substantial rights.  United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981).  In this case, the government has granted "open file" discovery of its investigative file (attorney and agent work product excepted), which includes accelerated Jencks Act disclosures and police reports from applicable state, local and federal agencies.   It is also noted that the indictment in the case is sufficiently specific, as described above, and supports each of the requisite elements of the charged offense.  Under these circumstances, information essential to the defense is being provided and the need for particulars is nonexistent.  In any event, since discovery material is being made available, a ruling on a bill of particulars would appear to be premature and unnecessary.   Discovery should cure any need for additional information to defend adequately the charges.  Therefore, Defendant's alternative request for a bill of particulars should be **DENIED**.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the "Motion to Dismiss and Alternative Motion for a Bill of Particulars" be **DENIED**. (Doc. nos. 22-1, 22-2).

SO REPORTED and RECOMMENDED this 26th day of May, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

          vs.          *      CASE NO. CR106-029

VIRGINIA PEREZ       *

                        *

                        *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Rpt/Recomm dated 5/26/06 , which is part of the official records of this case.

Date of Mailing: 5/26/06

Date of Certificate: 5/26/06

SCOTT L. POFF, CLERK

By : _____

NAME:

1. Virginia Perez
2. John Taylor
3. Brian Epps
4. 
5. 
6. 
7. 

Cert/Copy

- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy

- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds